IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRED A. DIXON JR. #01465237 | § | |
| v. | § | CIVIL ACTION NO. 6:23cv74 |
| SKYVIEW WARDEN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Fred Dixon, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)  and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Plaintiff's complaint sues the warden of the Skyview Unit of TDCJ and the "hospital unit," saying that the warden will not help inmates in lockup to get proper food or drink, nor has he called the State Police to move in on the unit. He contends that "people are getting killed, beaten, raped, abused, sprayed, no proper medication, staff seems to look another way when things are taking place."

Plaintiff says that the staff is made up of sheriff's deputies, police, and city workers from Brazoria County. He says that he has a broken shoulder but he was not set for an appointment at the hospital in Galveston, but instead has been sent back and forth from Galveston to the Skyview Unit. He seeks 10.5 million dollars in damages.

1

## II. Discussion

The Plaintiff Fred Dixon is well known to the Court as an inveterate filer of frivolous lawsuits.  Court records show that Plaintiff has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Dixon v. Skyview Unit*, civil action no. 3:22cv192 (S.D.Tex., June 15, 2022) (observing that Plaintiff has three strikes); *Dixon v. Montford Security*, civil action no. 5:15cv138 (N.D.Tex., July 15, 2015) (outlining Plaintiff's extensive record of filing frivolous lawsuits); *Dixon v. Angleton Sheriff's Department*, civil action no. 3:05mc11, 2005 WL 309507 (N.D.Tex., February 5, 2005), *Report adopted at* 2005 WL 544198 (N.D.Tex., March 8, 2005) (noting plaintiff's history of filing frivolous lawsuits despite previous sanctions and imposing a sanction of $100.00).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).  In passing the statute, Congress intended

a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

This Court and others have held that the prisoner must allege specific facts showing he is under imminent danger of serious physical injury at the time of the filing of the lawsuit; general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300, 2011 WL 1113496 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 U.S. Dist. LEXIS 31288, 2011 WL 1100126 (E.D.Tex., March 24, 2011); *Valdez v. Bush*, civil action no. 3:08cv1481, 2008 U.S. Dist. LEXIS 118452, 2008 WL 4710808 (S.D.Tex., October 24, 2008).

Plaintiff's conclusory and inchoate claims wholly fail to show that he is in imminent danger of serious physical injury at the time of the filing of the lawsuit. Although he refers to having an injured shoulder, he offers no specific facts. In addition, Plaintiff has raised this same complaint in multiple previous lawsuits. *See Dixon v. Medical Services Staff*, civil action no. 6:23cv73 (pending) (complaining of not receiving medical care for his injured shoulder); *Dixon v. Skyview Staff Medical*, 6:22cv476 (dismissed January 30, 2023) (same). The Fifth Circuit has explained that *in forma pauperis* complaints which simply repeat pending or previously litigated claims may be dismissed as frivolous or malicious. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Plaintiff is thus barred from proceeding *in forma pauperis* in the present case.

In addition, court records show that the Plaintiff Fred Dixon has been sanctioned multiple times for his frivolous litigation. The Northern District of Texas has barred him from filing any new

civil actions without advance written permission, and, in a separate case, sanctioned him $100.00 and directed that he must pay this sanction before he can even seek leave of court to file any other lawsuits. The docket of *Dixon v. Angleton Sheriff's Department*, in which the sanction was imposed, shows that Plaintiff has not satisfied the sanction; instead, he wrote a letter to the court complaining about being denied counsel and suggesting that the court should pay him money instead.

This Court, the Eastern District of Texas, is bound by the sanctions imposed by the Fifth Circuit Court of Appeals and honors sanctions imposed by other federal district courts in the State of Texas. *See* General Order No. 94-6 (E.D.Tex., February 2, 1994); *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998). Because Plaintiff has not satisfied the sanctions which have been imposed upon him, he may not proceed until he provides proof that he has done so. He must also satisfy the requirements of §1915(g).

<u>RECOMMENDATION</u>

It is accordingly recommended that the Plaintiff be denied *in forma pauperis* status and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon the satisfaction of three conditions: (1) proof of satisfaction of the $100.00 sanction imposed by the Northern District of Texas; (2) receipt of written permission to file a new lawsuit; and (3) payment of the full $402.00 filing fee or proof that Plaintiff is in imminent danger of serious physical injury as of the time of the filing of the complaint. It is further recommended that should Plaintiff fulfill all of these conditions within 15 days after the date of entry of dismissal of the present case, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 15th day of February, 2023.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE